*law Revision*

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0543-09 |
| vs. | ) | |
| | ) | |
| REY SAURES HERMOSILLA, | ) | DECISION AND ORDER |
| Defendant. | ) | |

This matter came before the HONORABLE VERNON P. PEREZ on November 7, 2012. Attorney Ana Maria C. Gayle represented Defendant, who was present. Attorney Gerald L. Henderson appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant moved the Court to grant a Bill of Particulars and to dismiss the case on several occasions. The Government filed a Superseding Indictment and Second Superseding Indictment. Defendant also filed a Motion to Compel Discovery on February 13, 2012. After the most recent Indictment was filed, Defendant asked this Court to require the Government to file a Bill of Particulars and to Dismiss on September 17, 2012. The People filed an Opposition to all Defendant's motions on November 6, 2012. The Court will now address the outstanding motions. To the extent that any motion has not been resolved, the Court will address any remaining issues in the future.

### DISCUSSION

The Court will address the Motion to Dismiss first as it seems prudent to do so to ensure an orderly discussion. Although the two motions are related, they are distinct enough to warrant individual consideration.

#### Motion to Dismiss

Defendant moves to dismiss this case on the grounds that the Government failed to provide sufficient particular evidence to the grand jury. Based on the evidence available,



Defendant contends there are inadequate particularities to prepare a defense to the crime of criminal sexual conduct.

In opposition, the Government contends that dismissal is not warranted because sufficient evidence was presented to allow the grand jurors to agree that the Defendant committed the offenses charged. The Government also contends that Defendant was adequately noticed of the nature and cause of the accusations such that a defense may be prepared.

8 GCA §55.10(a) provides:

> The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means. (2010).

In Guam, felony offenses are prosecuted by grand jury indictment. 8 GCA §1.15. The Organic Act of Guam states "[i]n all criminal prosecutions the accused shall have the right... to be informed of the nature and cause of the accusation and to have a copy thereof...". Organic Act of Guam § 1421b(g); *See also* 8 GCA § 1.11(c). During grand jury proceedings, the prosecutor is the only person authorized to present evidence to the grand jury and the grand jury must receive sufficient competent evidence to support the charges. *See* 8 GCA §§50.46 and 50.42.

Title 8 GCA §50.42 provides in relevant part:

> The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury. (2010).

After receiving the evidence, "the grand jury shall find an indictment when from the evidence presented, there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA §50.54. "Reasonable cause amounts to evidence such that a man of ordinary caution or prudence would be led to believe and conscientiously entertain

a strong suspicion of the guilt of the accused." *People v. Grajo*, 1987 WL109393 at *2 (D. Guam App. Div. 1987) (internal citations omitted).

Dismissal of the indictment is considered a drastic step and is generally disfavored as a remedy. *See U.S. v. Rodgers*, 751 F.2d 1074, 1076-77 (9th Cir. 1985); *People v. Muna*, 999 F.2d 397 (9th Cir. 1993). Once an indictment is returned, a party challenging it bears a difficult burden and must demonstrate either that any errors in the indictment process deceived the grand jury, or significantly infringed upon its ability to exercise independent judgment. *See U.S. v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983); *U.S. v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982). Dismissal of the indictment prior to trial based on errors in the grand jury proceedings is warranted only upon showing that the defendant is prejudiced by the error. *Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 255 (1988); *see also People v. Muna*, 1992 WL245624, (D. Guam App. Div. 1992). Prejudice is demonstrated if it can be established that the violation substantially influenced the grand jury's decision to indict or if there is grave doubt that the indictment was free from substantial influence of such violations. *Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 255 (1988).

After reviewing the charges, the Court must determine whether evidence was presented to the grand jury sufficient to formulate reasonable cause to believe that the alleged crimes were committed and that Defendant committed them. Guam law requires sufficient competent evidence to support an indictment. Courts have consistently interpreted competent evidence as evidence that a reasonable person would rely on in conducting his or her daily affairs. *See People v. Avelino*, CF0435-01 (Super. Ct. Guam October 2002) (quoting *People v. Quidachay*, 815 F.2d 1311, 1313 (9th Cir. 1987)). A felony prosecution requires an indictment based upon a probable cause determination by a grand jury. *People v. Villapando, et al.,* 1999 Guam 31. Determining "whether probable cause exists requires a 'practical, common-sense' decision based on the totality of the circumstances, including the veracity, basis of knowledge and reliability of the information provided by informants." *U.S. v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005) (citing *Illinois v. Gates,* 462 U.S. 213, 214 (1983)).

The Court has reviewed, in detail, the proper standards relating to Defendant's alternative request to have the case dismissed. Here, Defendant focuses on the time frame of the alleged misconduct being too large. The Charges allege that the criminal sexual conduct occurred from January 1, 2005 to December 31, 2005. The indictment maintains five different accounts of criminal activity. The Victim alleges that the Defendant, at different times, touched her breasts, her buttocks and her vagina. *See* Declaration of Kimberli Raines. The Victim also alleges that Defendant had sexual intercourse with her. *Id.* The Court believes that, generally, multiple counts may be possible without overwhelming particularity.

The Government was unable to obtain a specific amount of sexual occurrences, but, there is enough evidence to support a probable cause showing for the two Charges to stand. The Charges also apprise Defendant of the nature and cause of the accusation in satisfaction of the Organic Act of Guam. *See* § 1421b(g). Most importantly, the current Charges allow the Defendant to prepare a defense. Sufficient probable cause exists for the Second Superseding Indictment to survive dismissal. Furthermore, the Court finds that the evidence, if accurate, tends to demonstrate that Defendant may have unlawfully touched and penetrated the Victim. Thus, the grand jury could have found reasonable cause to believe that the indictable offenses had been committed. The Court must deny Defendant's Motion to Dismiss.

**Motion for Bill of Particulars**

Defendant requests a bill of particulars and claims that a day and time should be provided in order to prepare a defense. *See* 8 GCA §§ 55.30 and 55.10. The Government responds to the Motion for Bill of Particulars with the same analysis used in opposition to Defendant's Motion to Dismiss. Essentially, the Government argues that the evidence is sufficient to support a probable cause showing for all charges such that the Defendant's right to due process is not infringed. The Court will apply the standard discussed above to the current discussion of Defendant's Motion for Bill of Particulars.[1]

---

[1] Defendant based his argument his Motion to Dismiss and Motion for Bill of Particulars on mostly the same grounds. The Court's analysis applying to either motion is relevant to both motions. As a result, the standards discussed in either section may apply to both motions.

Here, the Government makes a compelling argument that this case warrants less detail in the indictment as the Victim is a minor and the Second Superseding Indictment is sufficient as is. Due to the age of the Victim and the factual basis underlying the case being a sex crime, the indictment does not need to be as detailed as what is normally expected. While a time frame of a year may generally be too long for a proper indictment, there are certain scenarios that the Court considers to be exceptional.

The Court agrees with the Defendant that each count of any indictment should include some minimal specifics to that individual count. Yet, the Court does understand that with minor victims suffering from allegedly traumatic events, particularity may be hard to come by. The Court is confident that the Government put forth adequate efforts to obtain added detail to the Charges. The Court concludes that the Victim is unable to be more specific. Regardless, the Court concludes that the Charges as alleged in the Second Superseding Indictment do not require additional particularity.

**Motion to Compel Discovery**

The Court is under the impression that no additional discovery is outstanding. As to any discoverable items not yet turned over, the Court grants Defendant's Motion to Compel Discovery. The Court has review Defendant's February 13, 2012 Motion to Compel Discovery and agrees with the Defendant that the listed items are discoverable. If any such item exists, the Government must fulfill its obligation to turn them over to Defendant or be subject to sanctions.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss, DENIES Defendant's Motion for Bill of Particulars and GRANTS Defendant's Motion to Compel Discovery. Parties will return February 5, 2013 at 9:00a.m. for a Criminal Trial Setting.

So **ORDERED** this 3rd day of January, 2013.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM